## LOCATION WITH REFERENCE TO A DWELLING HOUSE OF AN ADDITION TO A CEMETERY.

Circuit Court of Hancock County.

MARIAH MORLOCK v. IGNATIUS T. HORSTMAN ET AL.*

*Cemeteries—Location of, within not less than One Hundred Yards of a Dwelling—Not an Infringement on the Vested Rights of the Property Owner, When—Such Use of Adjoining Land should be Anticipated, When—Reasonableness of the Provision in Section 3573.*

1. The change in Section 3573, whereby the distance from a dwelling at which a cemetery may be located was made not less than one hundred yards instead of not less than two hundred yards, can not be construed as an infringement on the vested rights of a property owner who purchased and made his improvements prior to such change, especially where the land which it is proposed to devote to such use adjoins an established cemetery in a rapidly growing town.

2. A restriction as to the location of cemeteries, which was considered reasonable when it was adopted, may be removed or modified when the Legislature determines that necessity or circumstances so demand; and it is not unreasonable to require that such modification be anticipated as to land adjoining cemeteries established, and in use, and so situated that adjoining land would naturally be selected when more burial space becomes necessary.

3. One who purchases land adjoining the cemetery of a religious society, and builds a house one hundred and sixty feet from the nearest lot therein and makes other improvements, is not entitled to an injunction restraining the society from using for cemetery purpurposes land purchased by them boerdering on the established cemetery grounds, where the part to be so used is more than one hundred yards from the plaintiff's dwelling, although the nearest boundary line is less than one hundred yards from his dwelling.

NORRIS, J.; DAY, J., and PRICE, J., concur.

The plaintiff, Mariah Morlock, complains that the defendant, Ignatius Horstman, is the Bishop of Cleveland, and as such holds title of real estate of the Catholic church in his diocese, and so holds certain land in Washington township in this county. St. Wendelas Catholic congregation of Fostoria, Ohio, is a relig-

---

* Affirmed by the Supreme Court without report (60 Ohio State, 629).

ious society. The plaintiff owns and occupies as a residence the premises adjoining on the west the land held by the church; her residence and out-buildings are less than one hundred yards from the land of the church. She says that it is the intention of said religious society of St. Wendelas church to lay out its said lands for a cemetery for the dead of that congregation. She says that if that be done it will make impure the water supply for her residence, and will greatly injure and depreciate the value of her property; and she asks that defendant may be restrained from establishing and using the lands described for cemetery purposes.

Defendants deny that they intend or will lay out and establish a cemetery within three hundred feet of plaintiff's residence, but say that they are about to locate and lay out a cemetery which will be at its nearest point more than one hundred yards from plaintiff's duelling-house. They aver that when plaintiff purchased her property and built her house and made her improvements the Fostoria city cemetery was located and used adjoining her lands, and no more than one hundred and forty feet from her said dwelling-house, and that said cemetery is now, and before she so purchased, and ever since has been used as a cemetery and place for the burial for the dead, and that the land so proposed by the defendant to be used as a cemetery adjoins the said Fostoria cemetery.

The issues thus presented reach this court by appeal from the common pleas. There is substantially no disagreement as to the facts in this case. There was thought to be a difference as to distances. The west line of the land so held by the religious society is less than one hundred yards from the plaintiff's dwelling, but the testimony shows that the portion of the land proposed to be used as a cemetery is three hundred feet and more from plaintiff's residence; and that being true, what is the law of the case?

The testimony informs us that plaintiff's premises are one hundred and sixty and one-half feet from the nearest lot in the Fostoria cemetery, which is separated from her premises by the public highway.

The Fostoria city cemetery was established forty years ago, and ever since has been and now is in use as a place of interment. Plaintiff's property was acquired eighteen years ago, about, and the improvements were made all since that time.

Under our statute the rule appears to be that a cemetery can not be established upon premises that do not adjoin a cemetery already located, if the lands sought to be used for cemetery purposes lie within two hundred yards of a dwelling-house, unless the owner of the dwelling-house gives his consent. This rule, however, is not without its exceptions, and notably where it is sought to use for cemetery purposes property adjoining a cemetery already located and used. In such case the limit shall not be less than one hundred yards from a dwelling-house, if the dwelling-house has been erected after the laying out and establishment of the cemetery so located and used.

We think there is nothing uncertain or ambiguous about this provision of Section 3573, Revised Statutes. The case at bar is clearly controlled by it. A cemetery is located and has been in use for forty years and is now in use adjoining it, with a cemetery road between, which is merely a public easement and does not fix the land lines on plaintiff's premises. Her home is one hundred and forty-seven feet from the old cemetery line, and one hundred and sixty and one-half feet from the nearest lot in it. Her property was acquired and her dwelling built years after the location of the adjoining cemetery. The land upon which this cemtery is sought to be established joins the old cemetery, the same as do the premises of plaintiff, and is distant from the dwelling over one hundred yards.

It appears that a state of facts such as is recited by the testimony in this case was in contemplation by the law makers when this provision of Section 3573, Revised Statutes, was enacted. As to her vested rights, Section 3573 is a general law. Each may use his property for legitimate purposes subject to whatever restriction the law imposes.

Land used for cemetery purposes is not being used for an illegitimate purpose. If two hundred yards was the distance from a dwelling-house at which the location of a cemetery was

fixed, when she made her improvement, it didn't determine any right in her; it simply curtailed the rights of somebody else; it restricted the rights to use property for a legitimate purpose.

A restriction that might have been a reasonable one, when necessity or circumstances required it, may be removed or modified as the wisdom of the Legislature may determine; and it does not appear unreasonable that such modification shall be anticipated as to land adjoining cemeteries already established and in use. She located beside ground, which was then held, near a large and growing town, as a place for the sepulchre of the dead. She was, to some degree at least, chargeable with notice that the people of that place, of whatever religious sect or denomination, would naturally incline to that locality when conditions required more burial space. We do not think that this general law can be construed as an infringement upon her vested rights.

Plaintiff's petition will therefore be dismissed at her costs.

*Blackford & Blackford,* for plaintiff in error.

*Seney & Sayler* and *John Sheridan,* for defendants in error.

---

## ASSESSMENTS IN EXCESS OF THE STATUTORY LIMITATION.